# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

KELWIN DWAYNE EDWARDS,

Defendant-Appellee.

UNPUBLISHED
October 12, 2017

No. 333738
Wayne Circuit Court
LC No. 13-000329-01-FC

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

This appeal arises following a *Crosby*[1] remand from our Supreme Court[2] that resulted in the trial court resentencing defendant, Kelwin Edwards. Edwards was convicted by a jury of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Originally, the trial court sentenced Edwards to 51 months to 11 years' imprisonment for his assault with intent to murder conviction and two years' imprisonment for his felony-firearm conviction. Following the *Crosby* remand, the trial court resentenced Edwards to 1 to 15 years' imprisonment for his assault with intent to commit murder conviction and two years' imprisonment for his felony-firearm conviction. The prosecution now appeals by right. Because the trial court abused its discretion by imposing a disproportionate sentence, we reverse and remand for resentencing.

## I. OFFENSE VARIABLE (OV) 6

### A. STANDARD OF REVIEW

The prosecution first argues that the trial court erred by scoring OV 6 at ten points. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Edwards*, 498 Mich 903 (2015).

the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## B. ANALYSIS

OV 6 addresses a defendant's intent to kill or injure another individual. MCL 777.36(1). Here, the prosecution contends that the trial court should have assessed either 50 points—which must be assessed if "[t]he offender had premeditated intent to kill . . ."—or the court should have assessed 25 points—which must be assessed if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(a) and (b). The court, however, only assessed ten points, which is required when "[t]he offender had intent to injure or the killing was committed in an extreme emotional state caused by an adequate provocation and before a reasonable amount of time elapsed for the offender to calm or there was gross negligence amounting to an unreasonable disregard for life." MCL 777.36(1)(c)

The prosecution argues that the court was required to score OV 6 at 50 or 25 points because it was required to score OV 6 "consistent with a jury verdict unless the judge has information that was not presented to the jury." MCL 777.36(2)(a). Edwards was convicted of assault with intent to commit murder, which required the prosecution to prove: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (citation and quotation marks omitted). Therefore, because the jury convicted Edwards of assault with intent to murder, the jury found that he had the specific intent to kill. Nevertheless, although the jury found that Edwards had intent to kill, the trial court determined that it had additional information that justified scoring OV 6 at ten points. The record reflects that unlike the jury, the trial court heard evidence that Edwards had posttraumatic stress disorder (PTSD) related to an injury he received when he was shot in the head less than a year prior to this incident. The court also heard testimony from Edwards that he was very anxious near the time of the incident because the person who shot him was still in his neighborhood and had not yet been caught. When scoring OV 6 at resentencing, the court stated that it was basing the score on conversations it had with the lawyers before and during trial about Edwards's head injury. The trial court also stated:

> [A] person who has been previously shot is apt to try and protect themselves in the future in any way that they can. So I think that [] plays on a person's true intent. Is the person intending to just callously hurt or kill somebody else? Or is the person being more influenced by a prior experience, a personal experience.

> \* \* \*

> I don't think that this defendant ever wanted to seriously injury or kill anyone. I think that it was primarily because of his prior experience of being shot in the head with a gun that caused him to react.

Additionally, during resentencing, after it scored OV 6, the court noted that it "may have information that the jury does not have." Therefore, based on this record, the trial court did not clearly err by scoring OV 6 at 10 points despite the fact that the jury found Edwards had the specific intent to kill. See MCL 777.36(2)(a).

## II. UNREASONABLE SENTENCE

The prosecution next argues that Edwards's sentence is unreasonable because it does not reflect the seriousness of the offense and because the mitigating factors that the trial court used to justify the departure were already factored into Edwards's sentencing guidelines. We review for reasonableness a trial court's decision to depart from the applicable sentencing guidelines range. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). When reviewing a departure sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality set forth" in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *People v Steanhouse*, ___ Mich ___; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152946, 152947, and 152948); slip op at 20. A trial court abuses its discretion if it violates the principle of proportionality test or if it fails "to provide adequate reasons for the extent of the departure sentence imposed . . . ." *Id*. at ___; slip op at 19. In such cases, this Court must remand to the trial court for resentencing. *Id*.

## B. ANALYSIS

The principle of proportionality standard set forth in *Milbourn* "requires a sentence 'to be proportionate to the *seriousness of the circumstances surrounding the offense and the offender.*' " *People v Masroor*, 313 Mich App 358, 374; 880 NW2d 812 (2015), quoting *Milbourn*, 435 Mich at 636, rev'd in part on other grounds by *Steanhouse*, ___ Mich at ___ (emphasis added). In *Masroor*, this Court explained that "*Milbourn* instructs that departure sentences 'are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing' so that the sentence range calculated under the guidelines 'is disproportionate, in either direction, to the seriousness of the crime.' " *Id*. at 374, quoting *Milbourn*, 435 Mich at 657. In addition, "[t]he extent of the departure must also satisfy the principle of proportionality." *Id*., quoting *Milbourn*, 435 at 660. Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 330878); slip op at 7 (citation and quotation marks omitted).]

In this case, the court departed downward from a minimum of 51 months to a minimum of 12 months. The departure sentence, therefore, represents a sentence that is about 76.4% lower than the sentence Edwards's would have received under the guidelines.

When imposing that sentence, however, the court focused exclusively on the circumstances of the offender and failed to also consider the circumstances of the offense, including the seriousness of the offense. As found by the trial court, the record reflects that Edwards was remorseful for his actions, that he did not have an extensive or violent criminal record, and that, because of his PTSD, he may have not actually intended to seriously kill or injure anyone. Edwards's criminal history, however, was already accounted for by the guidelines, and the court did not find that it was given excessive or inadequate weight in the guidelines. Moreover, Edwards's apparent lack of intent to seriously injure or kill because of his mental state was also accounted for by the guidelines—specifically OV 6—and again, the trial court did not find that the guidelines gave it excessive or inadequate weight. Because those facts were already accounted for by the guidelines and no reasons were stated as to why the weight they were afforded in the guidelines was inadequate, we cannot deem those reasons adequate to support the extent of the departure sentence imposed in this case. Further, the court's reasons do not account for the seriousness of the offense. It is axiomatic that assault with the intent to commit murder is a very serious offense. The trial testimony reflects that because of an argument about a parking space, Edwards fired five or six shots at an unarmed victim, striking him once in the abdomen and twice in his lower extremities. Given Edwards's actions, this case could have easily ended with the victim's death. We conclude that, in the absence of further explanation by the trial court on all relevant factors, the court's drastic departure from the guidelines was not proportionate to both the circumstances of the offender and the offense, and thus, the sentence imposed by the trial court was not reasonable.

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly